CITY OF JACKSON v. TUCKER.*

(Division A.  Nov. 17, 1924.)

[101 So. 708.  No. 24394.]

1. MUNICIPAL CORPORATIONS. *Special improvement statute must be strictly pursued.*

   A municipality proceeding under chapter 260, Laws of 1912, Hemingway's Code, sections 5941 and 5965, inclusive, to charge abutting property owners with the cost of special improvements, must pursue the statute with strictness; all conditions precedent to the exercise of the power must be strictly followed.

2. MUNICIPAL CORPORATIONS. *Substantial departure from statute requiring publication of resolution of necessity of improvement and notice of assessment invalidates proceedings.*

   The publication of the resolution declaring the necessity of the proposed special improvement containing the description of the same as required by section 6 of the act, Hemingway's Code, section 5946, and the publication of the notice of the assessment of the abutting property with the cost of such improvement as required by section 20 of the act, Hemingway's Code, section 5960, are jurisdictional, and a substantial departure from the statute in that respect will render the proceedings void.

---

*Headnotes 1. Municipal Corporations, 28 Cyc, p. 1133; 2. Municipal Corporations, 28 Cyc, pp. 983, 1145.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action by the city of Jackson against J. W. Tucker. From a judgment for defendant, plaintiff appeals. Affirmed.

*W. E. Morse,* for appellant.

Section 5965, Hemingway's Code or section 25, chapter 260, Laws 1912, reads: "No personal judgment shall be rendered against either a resident or non-resident owner, but the extent of the judgment shall only be to condemn the property improved to be sold for the purpose of paying the tax assessed against it." This law is different from sections 3411, 3412, 3413 of the Code of 1906. A personal judgment could be taken against the property owners under the old law while under the Law of 1912 this was impossible. This case is, therefore, essentially different from the case of *City of Jackson v. Kenny,* 84 So. 689, in the following particulars, to-wit: 1. The Kenny case is a proceeding seeking to enforce a lien claimed by the city upon which no assessment had ever been made. 2. In the Kenny case there was no order directing the street commissioner to perform the work. 3. The Kenny case was a proceeding under sections 3411, 3412, 3413 of the Code of 1906, while this proceeding is one under chapter 260 of the Laws of 1912. 4. Section 3412, Code of 1906, required that after the improvement has been made that the street commissioner report the cost of the improvement to the board at its next regular meeting thereafter, for assessment; while section 5955, Hemingway's Code, provides for the report to be made at the next regular meeting or any subsequent regular or special meeting. 5. In the Kenny case it was not shown that the city actually did lay the walk, while in the instant case it is agreed that the city actually made the improvement.

The rule is that courts can only interfere with the matter of local improvements and special assessments in cases of fraud or oppression or some such wrong as constitutes a plain abuse of discretion on the part of local authorities. *Macon v. Patty,* 67 Miss. 378; *Nugent v. Jackson,* 72 Miss. 1040; *Jackson v. Buckley,* 85 So. 122.

Chapter 260, Laws of 1912, does not specify any particular time when the assessment must be made. Just as soon as the Engineering Department called this matter to the attention of the assessing authority, the assessment was made. The general rule seems to be that where the statute does not restrict the assessing board by any positive rule as to the time of making the assessment it has been held to be within the discretion of the board to decide conclusively when the assessment should be made. 29 Cyc. 1219.

The other point that we wish to present to this court is that J. W. Tucker could not be an innocent purchaser of this land without notice so as to relieve this property of this lien. The minutes of the city of Jackson are public document and as such are subject to inspection, and it is the duty of any one who is purchasing land or property in the city of Jackson, to investigate the city records and see whether or not the city holds any liens against the property. To hold otherwise would be to allow any person who bought property in the city to claim that they were innocent purchasers of value without notice of any lien held by the city of Jackson. The supreme court of our state in passing upon the subject of notice, or what is sufficient to give notice, lays down this rule: "Whatever is sufficient to excite attention or put the party on inquiry is notice of everything to which such attention, or inquiry might reasonably lead." *Parker* v. *Foy,* 43 Miss. 260; *Gill* v. *Moore,* 76 So. 453.


*Flowers & Brown,* for appellee.

This record presents two questions for consideration by the court and a concurrence with our views on either of them will result in an affirmance of the judgment of the trial court. They are: 1. The special tax levied on the property now owned by appellee is void because no notice was given the owners of property abutting on the pro-

posed curb and gutter, of the intention of the council of the city of Jackson to levy a special tax on abutting property to defray the cost of constructing such curb and gutter. 2. If such notice had been given the owners of abutting property the special tax could not be enforced against appellee because he became a purchaser of the property in question for value before the special tax was actually levied by the council of the city of Jackson, but long after the time when it should have been levied, without notice of the proceeding looking to the fixing of the tax.

Section 4 of the resolution passed by the council of the city of Jackson, declaring a sidewalk, curb and gutter along the property now owned by appellee necessary is as follows: "That it is the intention of the council of the city of Jackson to levy a special tax on the property abutting on the said part of the said street to defray the cost of constructing said sidewalk."

Great authority has been given cities and towns by the legislature in the matter of special improvement but since the authority is purely statutory, and in derogation of the common law, the statute giving the power must be strictly followed. In this instance the city of Jackson proceeded under chapter 260 of the Laws of 1912. Section 6 of that chapter, section 5946, Hemingway's Code, requires that the resolution declaring the improvement necessary shall be published in some newspaper published in the municipality once a week for three successive weeks. Now the resolution as passed did not declare the construction of curb adjoining the property now owned by appellee necessary. It declared the construction of gutters necessary and recited that curb had already been constructed. The resolution as published declared the construction of curb and gutter and sidewalk necessary, but the resolution as recorded and published failed to give notice that it was the intention of the coun-

cil to levy a special tax to defray the cost of constructing curb and gutter. It gave notice that the council would levy a special tax on abutting property to defray the cost of constructing the sidewalk but made no mention of curb and gutter. As was held in the case of *City of Jackson* v. *Williams,* 92 Miss. 301, 46 So. 551, since the municipality, in proceeding under a statute providing for public improvements, is acting under special circumstances, it must pursue with strictness all the conditions precedent to its right to exercise the power, and a substantial compliance with the conditions constitutes its power to act, and is jurisdictional.

Notice to property owners that a special tax will be levied on their property to defray the cost of making special improvements is the most essential thing in the entire proceeding. It is a precedent condition to the right of the municipality to levy the special tax. Such notice must be given the property owners in order to confer jurisdiction on the municipality to levy the tax. The recital in section 4 of the resolution here, as recorded and published, to the effect that the council of the city of Jackson intended to levy a special tax to defray the cost of constructing the sidewalk was tantamount to a recital that no special tax would be levied to defray the cost of constructing curb and gutter.

We, therefore, say that the ordinance passed by the city of Jackson on January 16, 1923, levying a special tax on the property of appellee and others to defray the cost of constructing adjoining curb and gutter was void because proper notice was not theretofore given that it was the intention of the council to defray such cost by levying a special tax on abutting property. The city of Jackson was without jurisdiction to make the levy. It failed to comply with the statutes conferring the power.

The second question is settled by the case of *Jackson* v. *Kenny,* 122 Miss. 594, 84 So. 689. The same jurisdictional requirements are necessary under chapter 260 of

the Laws of 1912, before 'the municipality can levy a special tax as under sections 3411, 3412, 3413, Code of 1906. These were not complied with in the case before the court and the proceedings by which it was attempted to levy a special tax on the property now owned by appellee is void.

ANDERSON, J., delivered the opinion of the court.

Appellant, city of Jackson, sought to establish and enforce a lien against the property of appellee, J. W. Tucker, for the payment of the costs incurred by appellant, in constructing a curb and gutter on the street upon which appellee's property abutted—Morningside avenue in the city of Jackson. By agreement of the parties, a jury was waived, and the law and facts of the case were tried by the circuit court, and judgment was rendered in favor of appellee, from which appellant appeals to this court.

We find it necessary to decide only one question— whether the proceedings of the municipal authorities by which it was sought to charge appellee's property with the cost of the curb and gutter on the street on which it abutted were so irregular as to be void, the proceedings were under chapter 260, Laws of 1912; Hemingway's Code, sections 5941 to 5965, inclusive.

Under section 5 of the act, Hemingway's Code, section 5945, the resolution of the mayor and board of aldermen declaring the proposed special improvement necessary is required to "describe the character of special improvement proposed," and section 6 of the act, Hemingway's Code, section 5946, requires the publication of such resolution. Sections 8, 9, and 10 of the act, Hemingway's Code, sections 5948 to 5950, inclusive, provide for protests by property owners affected, and a hearing and determination of such protests by the mayor and board of aldermen. Section 12, Hemingway's Code, section 5952, provides what persons may object to proposed

special improvements. Sections 19, 20, and 21, Hemingway's Code, sections 5959 to 5961, inclusive, provide for the assessment of the cost of construction against the abutting property owners affected; the publication of notice to such property owners of the assessments as made, and for a hearing of their objections to such assessments.

The resolution passed by appellant, declaring the necessity of the special improvement proposed, describes such improvement as follows: In the caption or preamble, as "gutters." In section 1, as "gutters." In section 2, as "curb and gutter." In section 4, providing for the levy of a special tax against the abutting property to defray the cost of construction, as "said sidewalk." In section 5, as "sidewalk." While the resolution as published describes it as follows: In its caption or preamble, as "sidewalk, curb and gutter." In sections 2 and 3, as "sidewalk, curb and gutter." In section 4, as "sidewalk." In section 5 in two places it is described as "said sidewalk." In the resolution ordering the street commissioner to do the work it is described in three places as "curb and gutter," and one place as "sidewalk." In the notice to the abutting property owners of the special assessment to pay the cost of the improvement, it is described as "curbs and gutters." And it is so described in the ordinance levying the special assessment. The improvement actually made was the construction of curbs and gutters.

It was held in *City of Jackson* v. *Williams*, 92 Miss. 301, 46 So. 551, that a municipality proceeding under a statute providing for special improvements of this character must pursue the statute with strictness; that all conditions precedent to the exercise of the power must be strictly followed.

The publication of the resolution declaring the necessity of the public improvement and a description of the same as required by section 6 of the act, Hemingway's

Code, section 5946, and the publication of the notice of
the assessment of the abutting property as required by
section 20 of the act, Hemingway's Code, section 5960,
are jurisdictional. Their publication as required by the
statute is a condition precedent to any further action.
The proceedings under this statute are proceedings *in
rem.* Jurisdiction is acquired by constructive notice, by
means of the publications named. By that method property owners are given an opportunity to protest and have
such protests heard. Such statutes must be strictly
pursued.

There were so many conflicts between the character
of the work to be done as described in the two published
notices and the various resolutions and ordinances touching the matter that property owners were furnished no
certain guide. There was not only conflict in that respect between the two notices as published, but there was
conflict between such notices and the resolutions and ordinances on the subject. The special improvement to
be made should be described with reasonable certainty;
the notice to property owners required to be published
should correspond as to the character and description of
the improvement with the resolutions and ordinances on
the subject. The property owner has the right to rely
on the description of the improvement stated in the first
notice required to be published. He might have no objection to the construction opposite his property of a
sidewalk, gutter, and curb, but be very much opposed
to the construction of either one or the other alone. If
such notice as published is so conflicting and confusing
in its different parts, as well as with the resolution authorizing it, as to fail to inform the property owner of
the character of the special improvement proposed, he
has the right to disregard the proceeding. He is not required to make any further inquiry whatever, and it
cannot be said that such a defective notice is sufficient to

put the property owner on inquiry, for that position presupposes that he has seen the notice. Jurisdiction by constructive notice is given on the theory that actual notice may or may not reach the party. In other words, as to what the property owner should have reasonably done had he seen the defective notice is not a question of legitimate inquiry. The inquiry is whether the statute providing for constructive notice has been strictly complied with. If it has, jurisdiction is obtained; if it has not, there is no jurisdiction.

For the reasons stated, we hold that the proceedings of the municipal authorities to charge appellee's property with the cost of the special improvement of "curb and gutter" are void.

*Affirmed.*